United States District Court
Middle District of Florida
Tampa Division

**VICTORIA LANGER, ON BEHALF OF**
**JEANNETTE MARIE LANGER,**

    *Plaintiff,*

v.                                          NO. 8:19-CV-1273-T-24PDB

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

---

## Report & Recommendation

Earlier in this action, the Court reversed the Commissioner of Social Security's denial of Victoria Langer's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 22, 23. She now requests, under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, $400 in costs, $20.85 in "expenses," $8000.42 in attorney's fees, and $12 in paralegal fees. Doc. 25. The Commissioner has no opposition. Doc. 25 at 4.

The EAJA provides that "a judgment for costs, as enumerated in [28 U.S.C. § 1920] … may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States action in his or her official capacity[.]" 28 U.S.C. § 2412(a). Among the costs enumerated in § 1920 are "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). Fees of the marshal include costs for private service of process in an amount not exceeding what the United States Marshals Service charges. *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). For service by mail, the Marshals Service charges $8 "per item mailed." 28 C.F.R. § 0.114(a)(1).

The EAJA further provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded … incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States …, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA award is to the party, not to her attorney. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the request is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) the request is timely, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must allege the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if alleged, the Commissioner must show it was, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422−23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Langer prevailed because the Court ordered a sentence-four remand. Docs. 22, 23, 24.

Her November 11, 2020, request, Doc. 25, is timely because she made it within thirty days of when the Court's August 31, 2020, judgment, Doc. 24, became final. She represents that her net worth was less than $2 million when she filed the case, Doc. 25 at 3, and no reason for declining to accept that representation is apparent or presented. Her motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 25 at 2, 24–26, and the Commissioner has not tried to satisfy his burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Langer is eligible to receive an EAJA award, and the only remaining issue is whether the request is reasonable.

Langer requests $400 in costs for the filing fee. Doc. 25 at 21. Awarding $400 for costs is warranted as a fee of the clerk, *see* 28 U.S.C. § 1920(1), and the amount Langer in fact paid to file the case, *see* Clerk's entry accompanying Doc. 1.

Langer requests $20.85 in "expenses" for "3 certified return receipt [at] $6.95 each." Doc. 25 at 22. This appears to be the amount to serve the summons and complaint. *See* Fed. R. Civ. P. 4(i)(1)–(2) (explaining to serve a federal agency, the plaintiff must serve the United States attorney for the district where the action is brought, the Attorney General of the United States, and the agency); Docs. 8, 9, 10 (proofs of service indicating service by certified, return-receipt mail). Awarding $20.85 for costs is warranted as fees of the marshal, *see* 28 U.S.C. § 1920(1), in an amount less than what the marshal would have charged, *see* 28 C.F.R. § 0.114(a)(1).

The EAJA provides an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except ... shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Paralegal fees are compensable at prevailing market rates for paralegals, *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S.

571, 590 (2008), for work traditionally done by an attorney, *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court is "'itself an expert'" on reasonable rates, may consider its own "'knowledge and experience'" about reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir.1940)). A court may make the award on its own experience if it provides sufficient information to allow meaningful review. *Id.* at 1303–04.

Besides demonstrating the reasonableness of the rate, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Fees for time spent preparing an EAJA request are permitted. *Jean*, 863 F.2d at 779–80. Clerical work generally is not compensable as work subsumed in the rate already charged by the attorney. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285, 288 n.10 (1989).

4

Langer is represented by Carol Avard, Esquire, and Mark Zakhvatayev, Esquire, of Avard Law Offices, P.A.

In an affidavit, Avard states these facts. Doc. 25 at 6–22. She received her juris doctor degree in 1980 and has worked on social-security cases since 1981. Doc. 25 at 6. She is a member of the Massachusetts and Florida Bars. Doc. 25 at 6–7. Since 1990, she has devoted eighty percent of her practice to social-security work. Doc. 25 at 7. She has been involved in at least seventy (presumably successful) cases leading to both published and unpublished decisions in the Eleventh and First Circuits. Doc. 25 at 7–11 (list of cases). She is one of six lawyers in Florida board-certified by The Florida Bar in social-security law. Doc. 25 at 13. Among other accolades, she is on the Board of Directors for the National Organization of Social Security Claimants' Representatives and has lectured for national panels on social-security issues. Doc. 25 at 7, 12–14.

In an affidavit, Zakhvatayev states these facts. Doc. 25-3. He has been practicing law since 2010. Doc. 25-3. He has handled "several hundred" disability hearings, has prepared hundreds of briefs to the Appeals Council before the Social Security Administration, and has worked on "numerous" social-security appeals in federal court. Doc. 25-3. He has served on panels and lectured on social-security law. Doc. 25-3.

Langer submits a "Schedule of hours" for both Avard and Zakhvatayev. Doc. 25 at 20–22. Avard spent 32.8 hours on the case (31.6 hours in 2019 and 1.2 hours in 2020). Doc. 25 at 3, 20–21. Zakhvatayev spent 4.9 hours on the case in 2019. Doc. 25 at 3, 21. An attorney (the name is not provided) spent 1.3 hours in 2020 preparing the current fee request.[1] Doc. 25 at 21. The hours for all total 39. Doc. 25 at 3, 20–21.

---

[1] The hour totals are the numbers represented as the final numbers for each year in the "Schedule of hours," Doc. 25 at 21, and accord with the amount Langer requests. Avard's hours actually total 32.9 (instead of the requested 32.8) and the hours on the fee motion actually total 2.3 (instead of 1.3). Whether Langer miscalculated the hours or

5

For work in 2019, Langer seeks an hourly rate of $205. Doc. 25 at 3. For work in 2020, she seeks an hourly rate of $207.17. Doc. 25 at 3. The rates are based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to when the lawyers performed the work using the Consumer Price Index. Doc. 25-2. To reach the requested amount ($8004.42) Langer (1) multiplies the total 2019 hours (36.5 hours) by the 2019 rate ($205) for a total of $7482.50, (2) multiplies the total 2020 hours (2.5) by the 2020 rate ($207.17) for a total of $517.92, and (3) adds the two totals ($7482.50 and $517.92) to arrive at $8000.42.[2]

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), considering the information provided and the undersigned's own knowledge and expertise, the market rate in Tampa for services provided by lawyers of comparable skills, experience, and reputation exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living from March 1996 to when the lawyers performed their work. The rates Langer proposes—$205 for work in 2019 and $207.17 for work in 2020—are appropriate (and slightly lower than the rates calculated using the CPI Inflation Calculator). *See* U.S. Dept. of Labor, Bureau of Labor Stats., CPI Inflation Calculator https://www.bls.gov/data/inflation_calculator.htm (last visited November 19, 2020).

On the reasonableness of the hours, tasks included reviewing the file and transcript, reviewing orders, and preparing the brief. Doc. 25 at 20–22. Most of the

---

reduced them to account for duplicative or other work is unclear. The undersigned uses the lower numbers presented by Langer.

[2] In the "Schedule of hours," Langer states the fee requested is $8000.42, Doc. 25 at 21, which accords with the math above. Elsewhere in the motion, Langer states the fee requested is $8004.42. This appears to be a typographical error.

time was spent drafting the brief or summarizing the transcript for the brief (all of Zakhvatayev's 4.9 hours and 29.7 hours by Avard for a total of 34.6 hours). Doc. 25 at 20–21. While 34.6 hours is somewhat high for two experienced attorneys to write a brief raising standard social-security issues, Doc. 25, based on a transcript that is relatively small (610 pages), Docs. 13–13-11, a finding that the hours are reasonable is warranted. Of the four issues Langer raised, she succeeded on two.

Using the number of hours and rates (36.5 hours and $205 for 2019; 2.5 hours and $207.17 for 2020), attorney's fees of $8000.42 are reasonable.

Langer requests $12 in paralegal fees for .2 hours of work at $60 an hour. Doc. 25 at 20, 22. The work is for "Paralegal filing of Memorandum of Law by cm/ecf." Doc. 25 at 20. Awarding fees for this time is unwarranted because electronically filing a document is a clerical task subsumed in an attorney's fee.

Langer provides a contract with an assignment of EAJA fees and costs to her counsel and states, "In light of the assignment, the parties agree that after the Court issues an Order awarding EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the government. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. 25 at 3–4; Doc. 25-1 (contract).

Because Langer is eligible, the costs are allowable, and the attorney's fees are reasonable, the undersigned recommends:

(1)   **granting in part** "Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d)," Doc. 25;

(2)   **awarding** Victoria Langer $8000.42 in attorney's fees and $420.85 in costs;

(3)   **denying** the request for $12 in paralegal fees;

7

(4) **directing** that if Langer owes no federal debt, the United States accept the assignment and pay the fees and costs directly to Carol Avard, Esquire; and

(5) **directing** the clerk to enter judgment in favor of Langer and against the Commissioner for $8000.42 in attorney's fees and $420.85 in costs.[3]

**Entered** in Jacksonville, Florida, on November 20, 2020.

                        PATRICIA D. BARKSDALE
                        *United States Magistrate Judge*

---

[3]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive matter], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.